IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01475-JLK

DINE CITIZENS AGAINST RUINING OUR ENVIRONMENT,
SAN JUAN CITIZENS ALLIANCE,

    Plaintiffs,

v.

AL KLEIN, in his official capacity as Western Regional Director, Office of Surface Mining Reclamation and Enforcement, Denver, Colorado,
OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT, a federal agency within the U.S. Department of Interior,

    Defendants,

and

ARIZONA PUBLIC SERVICE COMPANY, and
BHP NAVAJO COAL COMPANY,

Intervenors-Defendants.

_____

ORDER CONCERNING ADMINISTRATIVE RECORD AND PROTECTIVE ORDER
_____

Kane, J.

Both Plaintiffs and Intervenor-Defendant BHP Navajo Coal Company ("BHP") have moved the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the Parties' use and distribution of Confidential Information (as hereinafter defined). Plaintiffs also have requested that I modify my April 15, 2008 Order (Doc. 74) which allowed the Confidential Information to be filed with the Court under seal as part of the administrative record in this case. I hereby GRANT the motions in part as follows:

    1.    In this action, the administrative record contains Confidential Information (as defined in paragraph 2 below). The Parties agree that disclosure of such Confidential

Information outside the scope of this litigation could result in significant injury to the business or privacy interests of one or more parties or non-parties. The Parties therefore request the Court to enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom – obtained through this litigation and not made available to the public – concerning the information redacted and withheld from (as described in paragraph 3 below) the following two documents: (1) a 157-page ethnographic study "Each Place Brings Stories: Navajo Mine, Area IV North Cultural Resources Intensive Data Recovery Project, Navajo Ethnography Sub-Project" (bates numbered 74-1 to 157); and (2) a 148-page "Data Recovery and Treatment Plan," (bates numbered 73-1 to 148).

3. My April 15, 2008 Order (Doc. 74) allowed the Federal Defendants to file these two documents with the Court on a separate CD under seal as part of the administrative record. Since that time, the Federal Defendants have produced redacted versions of these two documents pursuant to Freedom of Information Act ("FOIA") requests and also to Plaintiffs. Accordingly, the documents are now in the public domain in redacted form. Therefore, my April 15, 2008 Order is hereby modified to require the Federal Defendants to file the redacted versions of these two documents with the Court in the public portion of the Court's file. Unredacted versions of the documents shall remain under seal, per the terms of my April 15, 2008 Order.

4. All Confidential Information provided by a Party in response to a discovery request, transcribed testimony, or otherwise in this litigation shall be subject to the following

restrictions: (a) It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever; and (b) It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information.

7. Counsel for the Parties shall uniquely number each and every copy of the Confidential Information with a number identifying the name of the party counsel represents followed by sequential numbers for each copy (the "Distribution Number") (e.g. counsel for Plaintiff Dine Citizens Against Ruining Our Environment would sequentially number each copy of Confidential Information as "DINE 0001"). Counsel shall further maintain a log listing (i) the name, mailing address and phone number of each individual who has executed the attached Affidavit, Exhibit A, (ii) the Distribution Number of the Confidential Information provided to each such person, (iii) the date(s) the Confidential Information was provided to each such person, and (iv) the date that each such person returned the copies of the Confidential Information to counsel. Those persons with access to Confidential Information shall not discuss

the contents thereof with anyone other than persons who have executed the Affidavit, Exhibit A, and shall not, in any manner, reveal, disclose, publish or make known the contents of the Confidential Information to anyone else except as otherwise provided in this Order. Those persons with access to Confidential Information shall not discuss the contents of those materials with any person precluded from access to those documents.

8. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the logs maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 7 above.

10. The Confidential Information obtained pursuant to the execution of the Affidavit, Exhibit A, shall be solely for use in this case. In the event that any party intends to use the Confidential Information obtained pursuant to this litigation in testimony, exhibits, discovery or discovery responses, briefs, or any other pleading or documents to be filed in this case prior to the hearing, the following shall apply:

(a) The party intending to use the Confidential Information shall notify the Court and all other parties at least seven (7) business days prior to the time the Confidential Information will be used and shall state the manner in which the Confidential Information will be

used. Any party shall respond within three (3) business days after receipt of notice of the intended use of the Confidential Information advising whether it objects to the disclosure of the Confidential Information.

(b)     If an objection is filed, the objecting party shall immediately request a hearing to determine the appropriate procedure to be used regarding the Confidential Information. Following the Court's ruling at such a hearing, the information shall be available only pursuant to the Court's order, provided, however, that an application for reconsideration or rehearing shall act as a stay of such order pending reconsideration or rehearing.

11.     In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-602 (1978) (applied in United States v. Hickey, 767 F.2d 705, 708 (10th Cir. 1985) and Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980)).

12.     The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the

terms of this Protective Order.

13.     By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14.     Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return or destroy all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. If the information is not returned, a declaration attesting to the destruction of the documents shall be supplied to OSM's counsel. At that time, counsel shall also file under seal with this Court the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 7 herein, and counsel shall provide the Court with verification that any of counsel's work-product referencing Confidential Information has been destroyed, excluding any Court filings (which would refer back to the documents submitted under seal).

15.     Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16.     The restrictions in this Protective Order do not prohibit the Federal Defendants or BHP from using or retaining the Confidential Information to the extent they obtained the Confidential Information independently of this litigation, provided such use and retention is consistent with the provisions of the 2007 Programmatic Agreement (attached to the Declaration of Foster Kirby (Doc. 59-4)) and any other applicable law.

Dated August 3, 2009.                           **s/John L. Kane**
                                                SENIOR U.S. DISTRICT JUDGE

## EXHIBIT A

## <u>AFFIDAVIT</u>

STATE OF _____    )
                                                      ) ss.
COUNTY OF _____       )

_____, swears or affirms and states under penalty of perjury:

     1.    I have read the Protective Order in Dine' C.A.R.E. v. Klein, et. al., a copy of which is attached to this Affidavit.

     2.    I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

     3.    I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

     4.    For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

     5.    I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____

_____

Telephone No.: (\_\_\_)_____

SUBSCRIBED AND SWORN to before me this _____ day of _____, 20__, by _____.

WITNESS my hand and official seal.

_____
Notary Public

My Commission Expires:    _____