IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Judge John L. Kane

Civil Action No. **07-cv-1475-JLK**

**DINÉ CITIZENS AGAINST RUINING OUR ENVIRONMENT**,
**SAN JUAN CITIZENS ALLIANCE,**

    Plaintiffs,

v.

**AL KLEIN**, **in his official capacity as Western Regional Director, Office of Sufrace Mining Reclamation and Enforcement, Denver, Colorado,**
**OFFICE OF SURFACE MINING RECLAMATION AND ENFORCEMENT, a federal agency within the U.S. Department of Interior,**

    Defendants.

MINUTE ORDER

**Judge John L. Kane, ORDERS:**

This matter is before the Court on Plaintiffs' Motion to Supplement Opening Brief (Doc. 104) and Defendant-Interveners' Joint Motion to Strike Exhibits to Plaintiffs' Opening Brief (Doc. 107). Plaintiffs submitted a declaration from Michael Eisenfeld (Doc. 102-2) as an exhibit to its Opening Brief. Plaintiffs seek leave to submit declarations from Dailan Jake Long (Doc. 104-2) and Lucy A. Willie (Doc. 104-3) which were delayed due to extenuating circumstances including a recent death in the family and winter weather conditions on the Navajo Nation. Defendants oppose Plaintiffs' efforts to supplement its Opening Brief with these declarations, and Defendant-Interveners further seek to strike the timely filed declaration of Michael Eisenfeld.[1]

---

[1] To the extent that Defendants move to strike the Eisenfeld declaration, their motion is improperly filed. As this declaration was not included in the Plaintiffs' Motion to Supplement

1

The Plaintiffs seek review of the Defendants' renewal of Federal Permit NM-0003E to BHP Navajo Coal Company ("BHP") and approval of BHP's Permit Revision Application NM-0003-F-R-01. *See generally* Plaintiffs' Complaint for Review of Federal Agency Action, Doc. 1. Specifically, Plaintiffs allege that these actions violated the National Environmental Policy Act, 42 U.S.C. §§ 4321, *et seq.*, and the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq.*. *Id.* Accordingly, as the parties and this Court are well-aware, review is limited to the Administrative Record as it existed before the agency at the time of decision. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994); *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993).

Plaintiffs contend that these declarations are introduced "in satisfaction of [their] duty to demonstrate environmental harm which would result in injury to the environmental interests of the organizations, their staff, and their members and in support of limited injunctive relief." Plaintiffs' Motion to Supplement Opening Brief, Doc. 104 at 2 (internal quotation and citation omitted). Defendants and Defendant-Interveners argue that Plaintiffs' attempts to supplement the record are merely attempts to "belatedly and inappropriately supplement the Administrative Record with thee [sic] declarations." Defendants' Response to Plaintiff's [sic] Motion to Supplement Opening Brief, Doc. 106 at 1-2; Defendant-Interveners' Joint Response to Plaintiffs' Motion to Supplement Opening Brief, Doc. 108 at 1 (adopting the arguments made in Defendants' Response to Plaintiffs' Motion to Supplement Opening Brief). Defendants and Defendant-Interveners do not, however, object to consideration of the declarations for the limited

---

Opening Brief, it is improper for Defendants to request that it be stricken on response. *See* D.C. Colo. L. Civ. R. 7.1(C).

purpose of demonstrating the harm necessary to establish Plaintiffs' standing.  Defendants' Response to Plaintiff's [sic] Motion to Supplement, Doc. 106 at 9; Defendant-Interveners' Joint Response to Plaintiffs' Motion to Supplement Opening Brief, Doc. 108 at 1 (adopting the arguments made in Defendants' Response to Plaintiffs' Motion to Supplement Opening Brief).

As the Supreme Court has held, "it is within the trial court's power to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact deemed supportive of plaintiff's standing."  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).  Neither Defendants nor Defendant-Interveners argue that Plaintiffs' delay in submitting the declarations is unjustifiable or prejudicial.  Accordingly, the Court will admit all three declarations to the extent they are submitted for purposes of supporting the Plaintiffs' standing to bring this action.  To the extent Plaintiffs cite any factual assertions or arguments contained in the declarations which are not contained within the Administrative Record before the Office of Surface Mining and Reclamation at the time of its decision to renew Federal Permit NM-0003E to BHP Navajo Coal Company ("BHP") and approve BHP's Permit Revision Application NM-0003-F-R-01, they will not be considered by the Court.

Though the Court appreciates the concerns of the Defendants and Defendant-Interveners, it would like to note that it is well aware of the limited scope of review under the APA and it is completely capable of confining its review to the Administrative Record while simultaneously considering the declarations for purposes of determining standing.  For future purposes, the parties should be aware that lengthy briefing and argument on this issue serves only to unnecessarily consume the Court's valuable time and resources.

Accordingly, Plaintiffs' Motion to Supplement Opening Brief (Doc. 104) is GRANTED

3

and the declarations of Dailan Jake Long and Lucy A. Willie from Plaintiff organization Diné C.A.R.E. are hereby accepted by the court as exhibits to Plaintiffs' Opening Brief (Doc. 102). Defendant-Interveners' Motion to Strike Exhibits to Plaintiffs' Opening Brief (Doc. 107) is DENIED.

Dated: February 4, 2010